Filed 7/28/25  P. v. Rivera CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>HUGO LEONEL RIVERA,<br><br>          Defendant and Appellant. | C101230<br><br>(Super. Ct. No. 23FE015929) |

A jury found defendant Hugo Leonel Rivera guilty of vandalism (Pen. Code, § 594, subd. (a)—count two)[1] and resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)—count three).[2]  In a bifurcated proceeding, the trial court found true that defendant had suffered a prior strike.  (§§ 667, subds. (b)-(i), 1170.12.)

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  The jury found not true the aggravating fact that the vandalism involved damage of great monetary value.  (Cal. Rules of Court, rule 4.421(a)(9).)  The jury could not reach a

1

The trial court sentenced defendant to six years in prison for count two (an upper term of three years doubled for his prior strike conviction), and a consecutive term of 120 days in county jail for count three. The trial court imposed the upper term on count two based on the fact that defendant had served a prior prison term.

On appeal, defendant argues the trial court prejudicially erred when it imposed an upper term based on an aggravating fact that was not found true by a jury. The People concede the error but argue it was harmless beyond a reasonable doubt. Additionally, defendant argues, and the People concede, the abstract of judgment must be corrected to reflect 120 days of additional custody credits awarded by the court at sentencing. We will order the abstract of judgment and minute order corrected to conform to the trial court's oral pronouncement of judgment with respect to count three and custody credits. The judgment is affirmed.

## I. DISCUSSION

*A.* *Prior Prison Term Finding*

The trial court imposed the upper term on count two based on the aggravating fact that defendant had served a prior prison term. (Cal. Rules of Court, rule 4.421(b)(3).) The court made the prior prison term finding itself based on the certified record of defendant's prior strike conviction.

Our Supreme Court recently held that "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm."[3] (*People v. Wiley* (2025) 17 Cal.5th 1069, 1086, fn. omitted (*Wiley*).)

_____

verdict as to a charge of arson (§ 451, subd. (d)—count one). The court declared a mistrial as to that count.

[3] This conclusion required the court to overrule its contrary holdings in *People v. Towne* (2008) 44 Cal.4th 63 and *People v. Black* (2007) 41 Cal.4th 799. (*Wiley, supra*, 17 Cal.5th at p. 1084.) At issue in *Wiley* were the aggravating facts for "increasing

2

Defendant contends the court erred in imposing an upper term because the prior prison term aggravating fact had not been found true by a jury. The People concede this was error but argue it was harmless beyond a reasonable doubt. We agree with the People that any error was harmless beyond a reasonable doubt.

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review. ([Citation]; *Chapman v. California* (1967) 386 U.S. 18, 87.) Under that standard, 'a sentence imposed under . . . section 1170[, subdivision ](b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' [Citations.] Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Wiley, supra*, 17 Cal.5th at p. 1087.) "We may also find the omission harmless if we can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*People v. Lynch* (2024) 16 Cal.5th 730, 775.)

We conclude beyond a reasonable doubt that the jury would have found true the prior prison term aggravating fact. Certified, admissible documents demonstrated the existence of defendant's prior conviction and prior prison term, and defendant did not dispute the existence of the prior prison term. We disagree with defendant's suggestion that the fact the jury was unable to reach a verdict on the arson charge suggests we cannot determine what the jury would have found regarding a prior prison term allegation. We

---

seriousness" of a defendant's prior convictions (Cal. Rules of Court, rule 4.421(b)(2)) and "unsatisfactory" "performance on probation" (*id*., rule 4.421(b)(5)). (*Wiley, supra*, at p. 1082.) The court did not expressly address the aggravating fact of a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)).

conclude beyond a reasonable doubt that the jury would have found the aggravating fact that defendant served a prior prison term to be true.

B.     *Custody Credits*

Defendant argues, and the People concede, that the abstract of judgment does not accurately reflect the oral pronouncement of the court with respect to custody credits and must be corrected to reflect his entitlement to 120 additional days of custody credits.  We accept the People's concession, and order additional related corrections.  At sentencing, the court stated it would "impose a sentence of 120 days as to Count 3 consecutive to the time imposed . . . .  The defendant does have credits in this case of 241 days actual.  The Court will also impose 240 days of good-time/work-time."  The abstract of judgment and the sentencing minute order state that the court awarded 181 days of actual credit and 180 days for good conduct for a total of 361 credit days.  It appears that the clerk deducted the 120 days from the custody credits to deem the sentence for count three served even though the trial court did not do so in its oral pronouncement.  "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Likewise, the oral pronouncement of judgment controls over the clerk's minute order.  (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.)  We will direct the trial court to issue an amended abstract of judgment and a corrected minute order correcting these clerical errors.

4

## II.  DISPOSIITON

The trial court is directed to prepare an amended abstract of judgment and sentencing minute order to conform to the court's oral pronouncement of judgment with respect to custody credits and the sentence on count three.  The amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

KRAUSE, J.

/S/

_____

FEINBERG, J.